**JAYLEEN TUUFULI, a minor by Mrs. Molia Tuufuli, her Guardian Ad Litem, Plaintiff**

v.

**AMERICAN SAMOA GOVERNMENT and TASIMANI ATUATASI, Defendants**

High Court of American Samoa
Trial Division

CA No. 93-90

October 18, 1995

Before RICHMOND, Associate Justice.

Counsel: For Plaintiff, Afoa L. Su`esu`e Lutu
 For Defendants, Henry W. Kappel

The motion by plaintiff Jayleen Tuufuli ("Jayleen") for court approval of interest on her judgment against defendant American Samoa Government ("ASG") was regularly heard on October 16, 1995. Counsel for both parties were present.

Jayleen proceeded in this personal injury action under the Government Tort Liability Act. A.S.C.A. §§ 43.1201-43.1213. Judgment in the amount of $60,370.50 was entered in her favor on November 5, 1993. However, when a judgment for personal injuries exceeds $15,000, the ASG's Treasurer cannot pay the judgment until the Governor submits legislation to the Legislature of American Samoa for a special appropriation of funds for payment of the judgment. A.S.C.A. § 43.1212(a) and (c). The appropriation to pay this judgment was finally enacted in P.L. No. 24-4, which became immediately effective as emergency legislation on September 29, 1995.

A.S.C.A. § 43.1203(a) provides:

> The government is liable, except as otherwise provided
> in this chapter, *in the same manner and to the same*
> *extent as a private individual under like circumstances,*
> *but is not liable for interest prior to judgment* or for
> punitive damages . . . (*emphasis added*).

 Private individuals are subject to payment of interest on judgments against them--at the rate of 6% per annum unless a contract calls for a lawful different rate. A.S.C.A. § 28.1501(a); *see Samoa Products, Inc. v. A`asa*, 17 A.S.R. 66, 68, 70 (Trial Div. 1990). Interest accrues on judgments in tort as well as in contract. *See* 45 AM. JUR. 2D *Interest &*

*Usury* § 73 (1969). Accordingly, since interest accrues against private parties for judgments in tort and, unlike prejudgment interest, is not excepted from government tort claims, Jayleen is entitled to interest on her judgment at the rate of 6% per annum from the entry date of the judgment.

Jayleen has calculated the accrued post-judgment interest at $7,141.79 as of October 5, 1995. This substantial amount is due to the improvident delay in appropriating the necessary funds and is increasing every day. The Treasurer and Attorney General would do well by ASG to promptly check Jayleen's calculation of the post-judgment interest, determine whether the currently appropriated funds are available to pay post-judgment interest along with the principal of the judgment, and if so, pay the up-dated amount of the judgment in full.

In any event, ASG shall pay the principal amount of the judgment, plus interest accruing on this amount at 6% per annum until the principal amount is paid in full. Payment shall be made to the clerk of the courts and deposited in the registry of the High Court.

It is so ordered.